E-FILED
Monday, 31 March, 2008   04:37:56 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PATSY MESTER, EVERETT LINGLEO, TERRY DAVIS and RICHARD HAYNES, )<br><br>Plaintiffs, )<br><br>v. )<br><br>JAKE RETTBERG, JUDY BIVIN, RONALD JOMBOCK, ALLEN BUTCHER, FRANK MAYNERICH, TODD HATALLA, GARY WHITSON and MICHAEL McCARTHY, Individually and as Board members of the Otter Lake Water Commission, ) OTTER LAKE WATER COMMISSION, ADGPTV, )<br><br>Defendants. ) | No. |

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§1441 AND 1446

Defendants, Otter Lake Water Commission, ADGPTV, and E. Jacob Rettberg, Judi Bivin, Ronald Jombock, O. Allen Butcher, Frank Maynerich, M. Todd Hatalla, Garry Whitson and Michael McCarthy, by their attorney, John M. Myers, and pursuant to 28 U.S.C §1446, hereby file this Notice of Removal of this matter from the Circuit Court of the Seventh Judicial Circuit, Macoupin County, Illinois, and state as follows:

1.  This action is a two-count Complaint filed in the Circuit Court of the Seventh Judicial Circuit, Macoupin County, Illinois, against the Otter Lake Water Commission, ADGPTV, a public corporation and unit of government as defined by

Section 11-135-1 of the Illinois Municipal Code, 65 ILCS 5/11-135-1. The individual Defendants in this matter comprise the Commissioners of the Defendant Water Commission.

2.  Count I of the Complaint alleges, among other things, a claim under 42 U.S.C. §1983 arising from violations of the Plaintiffs' rights pursuant to the Fifth and Fourteenth Amendments of the Constitution of the United States. Count II is an inverse condemnation/regulatory taking claim brought under Illinois law.

3.  Count I of this Complaint is removable to this Court pursuant to 28 U.S.C. §1441(a) and (b) as an action in a state court in which the district courts of the United States has original jurisdiction. Those sections of the statute provide as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

4.  While the state courts have concurrent jurisdiction of suits brought pursuant to 42 U.S.C. §1983, such suits are removable pursuant to 28 U.S.C. 1441. *Humphrey v. Staszak*, 148 F.3d 719 (7th Cir. 1998); *Harrell v. Turner*, 61 F.3d 905 (7th Cir. 1995).

5. As for Count II, when a state claim is so closely related to the federal claim that had it been brought originally in the federal court, the federal court would have pendent jurisdiction, then state claim, too, may be removed. *Wilson v. Intercollegiate (Big Ten) Conference Athletic Association*, 668 F.2d 962 (7th Cir. 1982). Count II arises from exactly the same set of facts as Count I and therefore would be properly brought as a pendent claim.

6. A copy of the complaint to be removed is attached hereto.

WHEREFORE, this matter should be removed to the U.S. District Court for the Central District of Illinois, Springfield Division.

> Respectfully submitted,
>
> E. JACOB RETTBERG, JUDI BIVIN, RONALD JOMBOCK, O. ALLEN BUTCHER, FRANK MAYNERICH, M. TODD HATALLA, GARRY WHITSON and MICHAEL McCARTHY, Individually and as Board members of the Otter Lake Water Commission, OTTER LAKE WATER COMMISSION, ADGPTV,
>
> Defendants,
>
> By: _____
> One of Their Attorneys

John M. Myers
Rabin, Myers & Hanken, P.C.
1300 South Eighth St.
Springfield, IL 62703
217.544.5000
217.544.5017 (fax)
jmyers@springfieldlaw.com

IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
MACOUPIN COUNTY, ILLINOIS

FILED
MAR 03 2008

PATSY MESTER, EVERETT LINGLEO, )
TERRY DAVIS and RICHARD HAYNES, )
)
Plaintiffs, )
)
v. ) Case No. 08MR 8
)
JAKE RETTBERG, JUDY BIVIN, )
RONALD JOMBOCK, ALLEN BUTCHER, )
FRANK MAYNERICH, TODD HATALLA, )
GARY WHITSON, and MICHAEL )
MCCARTHY, Individually and as Board )
members of the Otter Lake Water )
Commission, OTTER LAKE WATER )
COMMISSION, ADGPTV, )
)
Defendants. )

## COMPLAINT

*NOW COME* the Plaintiffs, PATSY MESTER, EVERETT LINGLEO, TERRY DAVIS and RICHARD HAYNES, by and through their attorneys, GATES, WISE, & SCHLOSSER, P.C., and in support of their Complaint against JAKE RETTBERG, JUDY BIVIN, RONALD JOMBOCK, ALLEN BUTCHER, FRAN MAYNERICH, TODD HATALLA, GARY WHITSON, and MICHAEL MCCARTHY, Individually and as Board members of the Otter Lake Water Commission, OTTER LAKE WATER COMMISSION, ADGPTV, state as follows:

1. At all times pertinent to this Complaint, the Defendant, OTTER LAKE WATER COMMISSION, ADGPTV, (hereinafter "ADGPTV") was and is a municipal corporation of Illinois. ADGPTV provides water services to multiple counties in the State of Illinois.

2. At all times pertinent to this Complaint, Defendants, JAKE RETTBERG, JUDY BIVIN, RONALD JOMBOCK, ALLEN BUTCHER, FRAN MAYNERICH, TODD HATALLA, GARY WHITSON, and MICHAEL MCCARTHY, were Board Members of ADGPTV ("jointly referred to as "Board Members"). The Board Members made and continue to make decisions and pass ordinances on behalf of ADGPTV. They are sued in their individual and official capacities.

3. ADGPTV owns property in Macoupin County, including Otter Lake and the lands appurtenant thereto. Some of the land appurtenant to the lake was improved as a campground by ADGPTV. There are currently 254 campsites at Otter Lake.

4. Over the past 30 years, ADGPTV, via its vendors, leased out lots in the campground to various individuals ("jointly referred to as "Lessees"). The Plaintiffs in this case, PATSY MESTER, EVERETT LINGLEO, TERRY DAVIS and RICHARD HAYNES, lease certain campsites and are tenants at Otter Lake. Pursuant to the leases, the Plaintiffs and other Lessees placed camping vehicles on the campsite.

5. ADGPTV establishes ordinances that govern the use of the campgrounds in a number of areas. For example, Ordinance 2007-04 establishes a schedule of fees for the use of the property in boating, hunting, and camping. Ordinance 2007-03 governs recreational uses of the property, such as the prohibition against swimming and the designation of specified areas as suitable for picnicking.

6. ADGPTV contracted with various entities ("vendors") to operate parts of the campground on its behalf. These vendors were responsible for running the campground in

2

accordance with the ordinances that ADGPTV established.

7. Previously passed ordinances have included "compliance" requirements for each campsite. The compliance requirements often mandate that campers make modifications and/or improvements to their lots. Failure to come into "compliance" could result in termination of a camper's possessory rights.

8. The Plaintiffs and other Lessees were permitted and encouraged by the vendors and by ADGPTV to improve the campground lots with decks, landscaping, walkways, covered parking, canopies, railings, and other permanent and semi permanent improvements. The Plaintiffs and other Lessees were also permitted to stay on a lot for many consecutive years.

9. The improvements made with the permission and encouragement of ADGPTV, and the work performed to adhere to the compliance ordinances issued by ADGPTV cost Plaintiffs in cash and time.

10. The above improvements are attached to the real estate and cannot be removed or relocated without extensive damage. Further, the improvements, as well as the maturation of trees and landscaping, have made it difficult, expensive and, in some instances, impossible to remove the camping vehicles from the site.

11. Prior to June 20, 2007, the Plaintiffs and other Lessees sold the trailers and above-mentioned improvements on the open market and assigned or sublet their leases. These sales were done with the full knowledge, acquiescence and encouragement of ADGPTV. At each such sale, the terms were disclosed to Defendants, or their agents, and the Defendants consented to the transfer and collected a transfer fee for such transfer.

3

12. As a result of the longstanding and explicit conduct of the Defendants, Plaintiffs had a reasonable expectation of reaping a reasonable return on their investment in the improvements on and to the lots.

13. The current vendor's lease was scheduled to terminate in 2007. ADGPTV announced that it would be taking over the operations of the campground completely.

14. On June 20, 2007, ADGPTV, passed Ordinance 2007-02. ("Ordinance 2007-02.") The following individuals, Board Members of ADGPTV, voted to pass Ordinance 2007-02: JAKE RETTBERG, JUDY BIVIN, RONALD JOMBOCK, ALLEN BUTCHER, FRAN MAYNERICH, TODD HATALLA, GARY WHITSON, and MICHAEL MCCARTHY.

15. Ordinance 2007-02 made sweeping reforms to the management and rules of the campground. In particular, Section 7 of Ordinance 2007-02 states:

> M. Campsite leases are not assignable, nor may a tenant sublet all or any portion of a Campsite. In no event shall a tenant transfer title to a Permitted Camping Vehicle to a third party while it is on Campsite. However, a tenant may remove and replace the Permitted Camping Vehicle at any time, so long as the tenant produces evidence of ownership of the replacement vehicle prior to placing it on the Campsite.

16. Under that provision, the Lessees, including Plaintiffs, are prohibited from subletting or assigning their lease. The Lessees, including Plaintiffs, are also prohibited from selling their camping vehicles and improvements at the campsite.

17. The affect of Ordinance 2007-02 is that much if not all of the value of the trailer and the modifications and improvements are destroyed. ADGPTV and the Board Members were aware that Ordinance 2007-02 would have that result.

18. Ordinance 2007-02 does not substantially advance legitimate state interests. It bears no reasonable relation to the public health, safety, morals, comfort, and general welfare.

19. The Federal Code, 42 U.S.C. 1983, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

20. The Fifth Amendment of the United States Constitution provides that "private property shall not be taken for public use, without just compensation."

21. Article I, Section 15 of the Constitution of the State of Illinois provides that "Private property shall not be taken or damaged for public use without just compensation as provided by law. Such compensation shall be determined by a jury as provided by law."

22. Article I, Section 2 of the Constitution of the State of Illinois, provides that "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."

23. 735 ILCS 30/10-5-5 provides "Private property shall not be taken or damaged for public use without just compensation and, in all cases which compensation is not made by the condemning authority, compensation shall be ascertained by a jury, as provided in this Act."

24. The Illinois Code, 65 ILCS 5/11-126-4 gives the commission authority to mange the land to 1) aid in protecting the lake from pollution; and, 2) promote forestation and suitable vegetation.

## COUNT I

### 42 U.S.C.A. 1983

This Count hereby incorporates paragraphs 1 through 24, above.

25. Defendant ADGPTV, via its Board Members, JAKE RETTBERG, JUDY BIVIN, RONALD JOMBOCK, ALLEN BUTCHER, FRAN MAYNERICH, TODD HATALLA, GARY WHITSON, and MICHAEL MCCARTHY, acted to pass Ordinance 21007-02.

26. Defendant ADGPTV and the Board Members are "persons" under 42 U.S.C.A. 1983 and therefore are subject to its provisions.

27. Ordinance 2007-02 was passed with the knowledge and intent of destroying the value of Plaintiff's personal property and the Plaintiffs' reasonable expectation of a reasonable return on their investment.

28. As a result, Defendant ADGPTV and the Board Members, while acting under the color of state law, subjected the Plaintiffs to deprivation of their constitutional rights by taking, damaging, and destroying the Plaintiffs' personal property and expectation of return on their investment without just compensation, in violation of:

    (a)     The Fifth and Fourteenth Amendment of the Constitution of the United States;

    (b)     Article I, Section 15 of the Illinois Constitution; and,

    (c)     42 U.S.C. 1983.

*WHEREFORE*, the Plaintiffs, PATSY MESTER, EVERETT LINGLEO, TERRY DAVIS and RICHARD HAYNES, respectfully pray this Court find for Plaintiffs and against

6

Defendants, JAKE RETTBERG, JUDY BIVIN, RONALD JOMBOCK, ALLEN BUTCHER, FRAN MAYNERICH, TODD HATALLA, GARY WHITSON, and MICHAEL MCCARTHY, Individually and as Board members of the Otter Lake Water Commission, OTTER LAKE WATER COMMISSION, ADGPTV, and make:

(1) Judgment adjudging and declaring that Section 7 of Ordinance 2007-02 be null and void;

(2) Injunctive relief precluding defendant from any further actions injurious to plaintiff's property and enjoinment of Defendants from in any manner enforcing, attempting to, or threatening to enforce Section 7 of Ordinance 2007(02);

(3) Or, in the alternative to paragraphs (1) and (2) enter judgment against Defendants for damages in an amount to be proven at trial;

(4) Attorney's fees and costs of suit; and,

(5) Such further relief the court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

## COUNT II

### INVERSE CONDEMNATION/REGULATORY TAKING

This count hereby incorporates paragraphs 1 through 24, above.

29. By passing Ordinance 2007-02, the private property of Plaintiffs has been effectively taken for public use.

30. ADGPTV has failed to commence eminent domain proceedings or offer compensation to the Plaintiffs for the taking of the Plaintiffs' private property.

7

31. ADGPTV, by passing Ordinance 2007-02 without the initiation of eminent domain proceedings, has violated 735 ILCS 30/10-5-5.

32. The value of the private property held by Plaintiffs is effectively destroyed, and the property is now unsuitable for economically viable purposes.

33. Since the date that Ordinance 2007-02 was passed, and to the date of filing this action, no compensation has been paid to Plaintiffs.

*WHEREFORE*, the Plaintiffs, PATSY MESTER, EVERETT LINGLEO, TERRY DAVIS and RICHARD HAYNES, respectfully pray this Court find for Plaintiffs and against Defendants, JAKE RETTBERG, JUDY BIVIN, RONALD JOMBOCK, ALLEN BUTCHER, FRAN MAYNERICH, TODD HATALLA, GARY WHITSON, and MICHAEL MCCARTHY, Individually and as Board members of the Otter Lake Water Commission, OTTER LAKE WATER COMMISSION, ADGPTV, and hold that inverse condemnation and a regulatory taking has occurred and grant the Plaintiffs the following:

(1) Judgment adjudging and declaring that Section 7 of Ordinance 2007-02 be null and void;

(2) Injunctive relief precluding defendant from any further actions injurious to plaintiff's property and enjoinment of Defendants from in any manner enforcing, attempting to, or threatening to enforce Section 7 of Ordinance 2007(02);

(3) Or, in the alternative to paragraphs (1) and (2) enter judgment against Defendants for damages in an amount to be proven at trial;

(4) Attorney's fees and costs of suit; and,

(5) Such further relief the court may deem just and proper.

8

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

Respectfully submitted,

PATSY MESTER, EVERETT LINGLEO,
TERRY DAVIS and RICHARD HAYNES,
Plaintiffs,

By: _____
One of Their Attorneys

Gordon Gates (#6192861)
*GATES, WISE & SCHLOSSER, P.C.*
1231 South Eighth Street
Springfield, IL 62703
*Telephone: (217) 522.9010*
*Facsimile: (217) 522.9020*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing

**NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§1441 AND 1446**

was served upon the attorney for the Plaintiffs herein by enclosing same in an envelope plainly addressed to said attorney, with postage fully prepaid and depositing same in the United States Mail in Springfield, Illinois on **March 31st, 2008**:

>Gordon Gates
>Gates, Wise & Schlosser
>1231 South Eighth Street
>Springfield, IL  62703

and by e-mail addressed to Gordon@gwspc.com.

The undersigned also certifies that he filed a copy of the foregoing **Notice of Removal** with the Clerk of the Circuit Court of the Seventh Judicial Circuit, Macoupin County, Illinois by mailing same to said Clerk on March 31, 2008.

John M. Myers,
Attorney for Defendants

JS 44 (Rev. 12/07)                              **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Patsy Mester, Everett Lingleo, Terry Davis and Richard Haynes

**DEFENDANTS**
E. Jacob Rettberg, Judi Bivin, Ronald Jombock, O. Allen Butcher, Frank Maynerich, M. Todd Hatalla, Garry Whitson,

(b) County of Residence of First Listed Plaintiff   Macoupin
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gordon Gates, Gates, Wise & Schlosser, 1231 S. 8th, Springfield, Illinois 62703 (217) 522-9010

Attorneys (If Known)
John M. Myers, Rabin, Myers & Hanken, 1300 S. 8th, Springfield, Illinois 62703 (217) 544-5000

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | ☐ 462 Naturalization Application / ☐ 463 Habeas Corpus - Alien Detainee / ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | | | |

### V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause:
deprivation of due process in the taking of property rights

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE  March 31 2008
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____