**E-FILED**
Thursday, 29 May, 2008  10:45:23 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| PATSY MESTER, EVERETT LINGLEO, TERRY DAVIS and RICHARD HAYNES, )<br><br>Plaintiffs, )<br><br>v. )<br><br>E. JACOB RETTBERG, JUDI BIVIN, RONALD JOMBOCK, O. ALLEN BUTCHER, FRANK MAYNERICH, M. TODD HATALLA, GARRY WHITSON and MICHAEL McCARTHY, Individually and as Board members of the Otter Lake Water Commission, OTTER LAKE WATER COMMISSION, ADGPTV, )<br><br>Defendants. ) | No.  08-3080 |

## MOTION FOR LEAVE TO FILE A REPLY BRIEF DIRECTED SOLELY TO THE ISSUE OF WHETHER TO BE ENTITLED TO LEGISLATIVE IMMUNITY, A LEGISLATIVE BODY MUST BE ELECTED AND NOT APPOINTED

Defendants, Otter Lake Water Commission, ADGPTV, and E. Jacob Rettberg,

Judi Bivin, Ronald Jombock, O. Allen Butcher, Frank Maynerich, M. Todd Hatalla,

Garry Whitson and Michael McCarthy, by their attorney, John M. Myers, move the Court

for leave to file a 4-page Reply Brief in support of their Motion to Dismiss directed

narrowly to one claim made by the Plaintiffs in their Memorandum in Opposition to

Motion to Dismiss: that to be entitled to legislative immunity, members of a legislative

body must be elected and not appointed.

In support of this Motion, Defendants state as follows:

1.    Plaintiffs' argument that to be entitled to legislative immunity, members of a legislative body must be elected rather than appointed, was made without citation and is flatly contradicted by decisions of the United States Supreme Court as well as other decisions of lower federal courts.  Accordingly, this argument could not possibly have been anticipated by Defendants in their Motion to Dismiss and supporting Memorandum. Consequently, a short reply to this argument, with citations to contradictory authority, is appropriate to do substantial justice in this matter.

2.    A proposed 4-page Reply Brief is attached.

WHEREFORE, Defendants pray the Court for leave to file the attached Reply Brief.

> E. JACOB RETTBERG, JUDI BIVIN, RONALD JOMBOCK, O. ALLEN BUTCHER, FRANK MAYNERICH, M. TODD HATALLA, GARRY WHITSON and MICHAEL McCARTHY, Individually and as Board members of the Otter Lake Water Commission, OTTER LAKE WATER COMMISSION, ADGPTV,
>
> Defendants,
>
> By:_____/s/John M. Myers_____
>            One of Their Attorneys

John M. Myers
Rabin, Myers & Hanken, P.C.
1300 South Eighth St.
Springfield, IL 62703
217.544.5000

217.544.5017 (fax)
jmyers@springfieldlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| PATSY MESTER, EVERETT LINGLEO, TERRY DAVIS and RICHARD HAYNES, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.   08-3080 |
| E. JACOB RETTBERG, JUDI BIVIN, RONALD JOMBOCK, O. ALLEN BUTCHER, FRANK MAYNERICH, M. TODD HATALLA, GARRY WHITSON and MICHAEL McCARTHY, Individually and as Board members of the Otter Lake Water Commission, OTTER LAKE WATER COMMISSION, ADGPTV, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**

Defendants, Otter Lake Water Commission, ADGPTV, and E. Jacob Rettberg, Judi Bivin, Ronald Jombock, O. Allen Butcher, Frank Maynerich, M. Todd Hatalla, Garry Whitson and Michael McCarthy, by their attorney, John M. Myers, respectfully submit this Reply Brief in Support of its Motion to Dismiss directly solely to the issue of whether to be entitled to legislative immunity, a legislative body must be elected.

### **ARGUMENT**

In their response to the Motion to Dismiss and supporting Memorandum, the Plaintiffs claim that the individual members of the Otter Lake Water Commission are not entitled to legislative immunity because they members are appointed and not elected.

This contention is flatly contrary to the law as set forth in several United States Supreme Court cases.

In *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency*, 440 U.S. 391 (1979), the Supreme Court granted legislative immunity to an appointed body to which, in many respects, the Otter Lake Water Commission is similar, albeit on a much smaller scale. The body was a regional agency created by interstate compact between California and Nevada and charged with the duty to manage activities in and around Lake Tahoe. Pursuant to the compact, the members of the Agency were all appointed, some by various county boards in California and Nevada bordering the Lake, and others by the Governors and Speakers of the legislative assemblies of the respective states. (The Compact is available at www.trpa.org/documents/about_trpa/Bistate_Compact.pdf.)

In *Supreme Court v. Consumers Union of United States*, 446 U.S. 719 (1980), the United States Supreme Court found that the Virginia Supreme Court is entitled to legislative immunity for acts performed in its legislative capacity in enacting disciplinary rules for the Virginia bar. And yet, the Supreme Court of Virginia is self-evidently part of the judicial branch of government, and unlike the Illinois Supreme Court, the Virginia Supreme Court is not elected in general elections. Rather, the justices are appointed by the General Assembly. Article VI, §7 of the Virginia Constitution provides, "The justices of the Supreme Court shall be chosen by the vote of a majority of the members elected to each house of the General Assembly for terms of twelve years."

In *Bogan v. Scott-Harris*, 523 U.S. 44, (1997) the United States Supreme Court recognized legislative immunity of mayors and city councils acting in a legislative

- 2 -

capacity.  The Court employed a functional analysis, the real issue being whether the local officials are *functioning* as a legislature—not how they came to sit on the local legislative body.

Following *Bogan* and *Lake Country Estates*, the lower federal courts have afforded legislative immunity to appointed boards exercising legislative functions.  In *Mainstream Loudoun v. Board of Trustees*, 2 F.Supp.2d 783, 788 (E.D. Va., 1998), rejected the selfsame claim made the Plaintiffs here—that an appointed library board was not entitled to legislative immunity.  The court summarized the law as follows:

> Plaintiffs argue that Library Board members should not be entitled to legislative immunity because they are appointed rather than elected, and as such lack a direct electoral check on their actions. Plaintiffs rely heavily on Justice Marshall's dissent in *Lake Country*, in which he stated:
>
>> To cloak [appointed] officials with absolute protection where control by the electorate is so attenuated subverts the very system of checks and balances that the doctrine of legislative privilege was designed to secure. Insulating appointed officials from liability, no matter how egregious their "legislative" misconduct, is unlikely to enhance the integrity of the legislative process.
>
> *Lake Country*, 440 U.S. at 407 (Marshall, J., dissenting). The Supreme Court, however, rejected Justice Marshall's argument in both *Lake Country* and *Bogan* in favor of a functional analysis of legislative immunity. See *Lake Country*, 440 U.S. 391, 403-06 (granting legislative immunity to decisions of unelected regional body); *Bogan*, 118 S. Ct. 966.  Specifically, the Court explained in *Bogan* that legislative immunity was premised on the notion that "the exercise of legislative discretion should not be inhibited by judicial interference or distorted by the fear of personal liability," and that this rationale applied equally to state, regional, and local legislators. *Bogan,* 118 S. Ct. 966, see also *Bruce*, 631 F.2d at 277-80 (adopting functional analysis of *Lake Country* and finding that absolute immunity applied to legislative decisions of local officials). Based on this authority, we reject plaintiffs' argument.

The "bottom line" of these cases is that in this Court should look at the *functions* being carried out by the Otter Lake Water Commission in adopting the ordinance at issue in this case. The method of selecting the local legislative body is irrelevant. Here, the function—adopting an ordinance of general applicability as opposed to making an individual determination of the rights of particular individual—is clearly legislative. The individual members of the Commission are therefore entitled to legislative immunity.

> E. JACOB RETTBERG, JUDI BIVIN, RONALD JOMBOCK, O. ALLEN BUTCHER, FRANK MAYNERICH, M. TODD HATALLA, GARRY WHITSON and MICHAEL McCARTHY, Individually and as Board members of the Otter Lake Water Commission, OTTER LAKE WATER COMMISSION, ADGPTV,
>
> Defendants,
>
>
> By:_____/s/John M. Myers_____
>           One of Their Attorneys

John M. Myers
Rabin, Myers & Hanken, P.C.
1300 South Eighth St.
Springfield, IL 62703
217.544.5000
217.544.5017 (fax)
jmyers@springfieldlaw.com